930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Davis Burton KAAMASEE, Defendant-Appellant.
 No. 90-2086.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1991.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and SPARR, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Davis Burton Kaamasee argues that the district court erred when it refused to disclose information provided to it by a United States probation officer during defendant's sentencing hearing. We conclude that the district court's actions do not warrant reversal.
 
 
 3
 Defendant pleaded guilty to one count of sexually abusing a minor within the boundaries of an Indian reservation in violation of 18 U.S.C. Secs. 1153(a) and 2244(a). At defendant's sentencing hearing, "after calling the case for sentencing, but before imposing sentence, the trial court conferred off the record, at the bench, with a U.S. Probation officer." I R. tab 37, exh. B. The court then resumed the hearing, and, after listening to defendant's sentencing statement, sentenced defendant to the top of the applicable guideline sentencing range--twelve months imprisonment.
 
 
 4
 After defendant's sentence was pronounced, the defendant's attorney (Ms. Teresa Storch) and the district court judge engaged in the following colloquy:
 
 
 5
 MS. STORCH: Your Honor, yes, and I don't mean to be rude but I would like to inquire whether [the probation officer] had shared any additional information to the Court prior to the Court's imposing sentence?
 
 
 6
 THE COURT: I do not have to, and will not respond to that question.
 
 
 7
 MS. STORCH: And, your Honor, I don't know if the Court is aware but I--
 
 
 8
 THE COURT: And I think the question is impertinent.
 
 
 9
 MS. STORCH: Your Honor, I did not mean to be impertinent, but I think my client has a right to know the information the Court has.
 
 
 10
 THE COURT: Ms. Storch, I'm going to advise you that I consult with probation officers constantly on many aspects of many cases, and it is not my policy, nor do I intend to sit down and inform counsel as to what goes on between this Court and its probation officers.
 
 
 11
 III R. 10.
 
 
 12
 Pointing to the district court's refusal to discuss its conversation with the probation officer, defendant now argues that due process, 18 U.S.C. Sec. 3552, Fed.R.Crim.P. 32, and Sec. 6A of the United States Sentencing Guidelines mandate resentencing.
 
 
 13
 The Ninth Circuit faced a similar challenge to a defendant's sentence in United States v. Gonzales, 765 F.2d 1393 (9th Cir.1985), cert. denied, 474 U.S. 1068 (1986). The defendant (Gonzales) there argued that due process entitled him to an evidentiary hearing regarding oral ex parte contacts between the district court and a probation officer. Id. at 1398. Although it concluded that Fed.R.Crim.P. 32(c)(3) would be violated "if the probation officer related facts orally to the district court, on which it relied and which were not disclosed," see id., the Gonzales court nevertheless affirmed Gonzales' sentence:
 
 
 14
 Gonzales is asserting that because the sentencing judge, the probation officer, and the sentencing council discussed his case and the end result of these discussions was disagreeable from his perspective, something improper must have occurred. This is pure speculation. Gonzales has come forward with no evidence other than the challenged result to suggest that improper facts were considered....
 
 
 15
 Gonzales attacks the ex parte communication only because he disagrees with his lawful sentence. The district court's assessment of Gonzales' record is within its sound judgment, and since Gonzales failed to come forward with more than hypothetical improprieties, the district judge did not abuse his discretion in refusing to order an evidentiary hearing.
 
 
 16
 Id. at 1398-99 (citation omitted).
 
 
 17
 Like the Gonzales court, we refuse to assume that an experienced district judge received and relied on improper information in imposing sentence. The instant defendant offers no evidence that the probation officer gave the judge any improper information or that the judge relied on any such information in imposing sentence. The sentence imposed is within the appropriate guideline range based on the information contained in the presentence investigation report. Moreover, the reasons offered by the district court for the sentence imposed all clearly are based on information from the presentence report.[1] We therefore deny defendant's request for resentencing.
 
 
 18
 Although we affirm defendant's sentence, we cannot help but observe that this appeal easily could have been prevented altogether. We understand and are sympathetic with the plight of overburdened trial judges. After reviewing the record, however, we are convinced that this appeal is the result of the district court's refusal to answer defense counsel's legitimate question about whether the court's conversation with the probation officer involved added facts relating to the sentencing of her client. Faced with a similar situation in the future, we urge the district court simply to assure defense counsel that it did not receive any information not included in the presentence report, or, if it did, either reveal the information or give assurances that the court did not rely on such information in imposing sentence. See, e.g., Gonzales, 765 F.2d at 1396 (When defendant challenged court's ex parte communication with probation officer, "The court stressed that the probation officer disclosed no facts during ex parte discussions that were not in the presentence report...."); United States v. Houston, 745 F.2d 333, 334 (5th Cir.1984) (When defendant challenged sentencing judge's conversation with probation officer out of defendant's presence, the judge "stated that he received no confidential information from the probation officer...."), cert. denied, 470 U.S. 1008 (1985).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court explained its decision to sentence defendant to twelve months in prison as follows: "[T]he Court finds that the adjusted offense level is 10 and the criminal history category of [sic] I, which results in a guideline range of 6 to 12 months. The Court in imposing sentence takes judicial notice that the defendant's action consisted of criminal sexual contact with a 12 year old child. The sentence imposed will reflect the sentencing goals of punishment and general deterrence." I R. tab 27. The presentence report confirms that defendant's victim was twelve years old. See II R. 3 at paragraphs 8, 11