**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael PUGLIESE, aka Lance Presley,
Defendant–Appellant.**

No. 91–1357.

United States Court of Appeals,
Tenth Circuit.

April 3, 1992.

Michael Pugliese, pro se.

Joseph Mackey, Asst. U.S. Atty., Michael J. Norton, U.S. Atty., Denver, Colo., for plaintiff-appellee.

Before LOGAN, BARRETT, and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Michael Pugliese appeals denial of his pro se motion for modification of conditions of his supervised release which would permit him to return to his home, wife, and child in Thailand during his supervised release time. For the reasons stated below, we affirm.[1]

Defendant is a United States citizen convicted of heroin trafficking and trafficking in counterfeit goods. He was sentenced to seventy-eight months imprisonment and four years of supervised release. The court imposed conditions of supervised release including reporting monthly to his probation officer, and travel restrictions: "You shall not leave the judicial district without the permission of the court or probation officer...." Appellant's Reply Brief to Appelle[e]'s Opening Brief, Ex. D (copy of conditions of supervised release). In general, the conditions require defendant to avoid drugs and illegal conduct, to stay away from locations and persons associated with illegal activities, and to be regularly and frequently accountable to his probation officer for his activities, his companions, his job status, and his home life. *Id.* Defendant is not yet on supervised release; he is still incarcerated.

Defendant submitted a pro se motion to the district court requesting a modification of the terms of his supervised release, pursuant to Fed.R.Crim.P. 32.1(b).[2] He re-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Fed.R.Crim.P. 32.1(b) states in pertinent part: **Modification of Probation or Supervised Release.** A hearing and assistance of counsel are required before the terms or conditions of probation or supervised release can be modified, unless the relief to be granted to the person on probation or supervised release upon the person's request or the court's own motion is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected.

*See* 18 U.S.C. § 3583(e)(2).

quested that he be allowed to leave the United States and return to live in Thailand, his home for some years preceding his arrest and conviction and the present and continuing home of his Thai wife and child. The district court denied the motion by minute order, stating in a separate letter to defendant: "I would advise you that I know of no way for supervised release to take place outside of the United States." Appellant's Opening Brief, Ex. I. Defendant appealed.

"We review the district court's application of the guidelines for errors of law, giving due deference to its application of the guidelines to the facts." *United States v. Anderson*, 940 F.2d 593, 597 (10th Cir. 1991). Conditions of supervised release, as ordered by the district court, are reviewed for abuse of discretion.[3]

The district court's order, or at least its letter to defendant, could be read as expressing belief that the court lacked power to permit a United States citizen, who had completed a term of imprisonment, to leave the United States during supervised release. In apparent response to this interpretation, defendant attached to his reply brief a copy of a purported order of another court allowing a person on supervised release to live abroad. We have searched but found no reported cases dealing with the issue.[4] We see in the law, however, no direct impediment to authorizing a person on supervised release to leave the United States, if the supervision the judge believes is necessary can be enforced abroad.

District courts have wide latitude to determine the extent of geographic restrictions as conditions of supervised release. *See* 18 U.S.C. § 3563(b)(14) ("The court may provide, as further conditions of a sentence of probation ... that the defendant reside in a specified place or area, or refrain from residing in a specified place or area."); 18 U.S.C. § 3583(d) (including the provision of § 3563(b)(14), among others, as a discretionary condition of supervised release); U.S.S.G. § 5B1.4(a)(1), p.s. ("defendant shall not leave the judicial district *or other specified geographic area without the permission of the court or probation officer*"; implying that permission for other geographic assignments is possible if appropriate for the defendant's individual circumstances) (emphasis added).

Nevertheless, in evaluating defendant's appeal, we must consider the terms, other than geographic limitations, the district court considered necessary to impose upon the particular defendant. The district court has broad discretion over conditions for post-incarceration supervised release, as explicitly granted by the sentencing guidelines and the statutes upon which those guideline sections are based. *See* 18 U.S.C. § 3583(d) (discussing conditions of supervised release, including "any other condition [the district court] considers to be reasonably related to protecting the public and rehabilitating the defendant").

---

**3.** This standard of review is echoed in cases concerning conditions of probation. Both in statutes and in the sentencing guidelines, provisions for conditions of supervised release are cross-referenced with provisions for conditions of probation. *See* 18 U.S.C. § 3583(d) (supervised release) (referring to 18 U.S.C. § 3563(b) (probation)); U.S.S.G. § 5D1.3 (supervised release) (referring to U.S.S.G. § 5B1.4, p.s. (probation)). Thus, cases interpreting issues concerning conditions of probation provide standards for issues related to conditions of supervised release as well. *See, e.g., United States v. Jalilian*, 896 F.2d 447, 448 (10th Cir.1990) (legality of sentence reviewed de novo; probation determination reviewed for abuse of discretion); and *United States v. Hussong*, 778 F.2d 567, 569–70 (10th Cir.1985) ("a sentencing judge has broad discretion to impose conditions of probation

**4.** We distinguish those cases in which the district court has dealt with an alien, convicted in the United States, ordering or allowing the alien to leave the United States as a condition of his supervised release, where reentry would be contingent on satisfaction of required Immigration and Naturalization Service (INS) procedures. *See, e.g., United States v. Jalilian*, 896 F.2d 447, 449 (10th Cir.1990) (holding that district court exceeded its authority under 18 U.S.C. § 3563 in imposing a probation condition ordering illegal alien to leave the country). Defendant herein is not an alien, but is rather a United States citizen. Therefore, he would not be subject to the same Immigration and Naturalization Service procedures as an alien when returning to the United States.

appropriate"); U.S.S.G. § 5D1.3(b); [5] *see also United States v. Sharp*, 931 F.2d 1310, 1311 (8th Cir.1991) (condition of supervised release subjecting defendant convicted on drug charges to unrestricted warrantless searches for alcohol or drugs was not abuse of discretion). The conditions of supervised release imposed by the district court in this case were drawn from the standard list of conditions recommended in U.S.S.G. § 5B1.4, p.s. Defendant's offenses were serious, and thus we can discern no abuse of the district court's discretion in imposing conditions that mandate regular, frequent monitoring by a trained probation officer. *See* 18 U.S.C. § 3583(d)(1) (conditions of supervised release should be consistent with the nature and circumstances of the offenses for which defendant was sentenced and consistent with the history and characteristics of the defendant) (referencing 18 U.S.C. § 3553(a)).

Defendant insists on appeal that he is willing to abide by all these conditions, and even stricter conditions, should the court allow him to return to Thailand to serve his period of supervised release. · Defendant is not requesting a relaxation of the supervision called for by his conditions of supervised release; he petitioned only to have those conditions be imposed in Thailand rather than in the United States.

We interpret the district court's order and its remarks in its letter to mean that the structure needed to support defendant's rehabilitative supervision is absent outside the United States, and we agree with that assessment. We are unaware of any U.S. federal administrative system in Thailand that is empowered or trained to provide the functions of a U.S. probation officer. We note defendant's suggestion that personnel of the United States embassy in Thailand be assigned that responsibility; but there is no indication that the state department personnel have the authority, training, or administrative support to undertake those tasks. Thus, we believe the question presented here is whether the conditions of supervised release specified for this defendant are proper, and whether those conditions continue to be necessary, even after defendant's successful completion of rehabilitation programs in prison. From that perspective, we hold that the district court did not abuse its discretion in limiting defendant to spending the period of his supervised release in the judicial district.

The order of the United States District Court for the District of Colorado is AFFIRMED.

---

5. In U.S.S.G. § 5D1.3(a), the sentencing commission mandated two conditions of supervised release: that the "defendant not commit another ... crime" and that the defendant "not possess illegal controlled substances." Section 5D1.3(b) goes on to provide:

> The court *may* impose other conditions of supervised release, to the extent that such conditions are reasonably related to (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence im-

posed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

(citing U.S.C. §§ 3553(a)(2) and 3583(d)) (emphasis added). U.S.S.C. § 5B1.4, p.s. lists "standard" and "special" recommended conditions of probation and supervised release.