## UNITED STATES COURT OF APPEALS
**Filed 9/19/96** TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH W. ARMITAGE,

    Defendant-Appellant.

Case No. 96-1029

(D.C. 95-CR-35)
(District of Colorado)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Appellant Joseph W. Armitage was charged in a two-count information with misprision of a felony, in violation of 18 U.S.C. § 4, and with failing to file an income tax return, in violation of 26 U.S.C. § 7203. Mr. Armitage entered a plea of guilty to the charges contained in the information. The United States District Court for the District of Colorado sentenced Mr. Armitage to two concurrent two-year terms of probation. Several months after his sentencing, Mr. Armitage was informed by his probation officer

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that he would be required to disclose his convictions to his employers in accordance with a standard provision of probation listed in his Judgment and Conviction Order. Mr. Armitage filed a motion with the district court requesting exemption from the disclosure requirement. Although the government did not oppose Mr. Armitage's motion, the district court denied his motion. He now appeals this denial. We take jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

Mr. Armitage's conviction for misprision arose out of his creation, as an accountant for Pit Stops of America, Inc., of false records and tax returns which exaggerated the profitability of that company. These records were used by the company to secure a loan from the Farmers Home Loan Administration. Mr. Armitage's conviction for failure to file an income tax return arose out of his failure to file a return in 1990 when he had taxable income of approximately $10,980.00. On these convictions, he was sentenced to two concurrent two-year terms of probation. The district court's Judgment and Conviction Order in Mr. Armitage's case contained the following standard condition of probation:

> 13) As directed by the probation officer, <u>the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics</u>, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---

[1] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Rec. vol. 1, doc. 6 at 2 (emphasis added). The defendant did not object to or appeal from the probation conditions contained in the Judgment and Conviction Order.

We review the district court's imposition of probation conditions for abuse of discretion. See United States v. Jordan, 890 F.2d 247, 255 (10th Cir. 1989). "A defendant who seeks to overturn a particular condition of probation must establish that the court acted outside its discretionary authority in imposing it." Id. (citing United States v. Tolla, 781 F.2d 29, 32 (2d Cir. 1986)).

Mr. Armitage argues that the decision to enforce the standard disclosure provision represented a new "policy" of the probation office. It acted as an ex poste facto "modification of the terms or conditions of [his] probation" and as such Fed. R. Crim. P. 32.1(b) requires that he receive "[a] hearing and assistance of counsel" prior to the modification. See Fed. R. Crim. P. 32.1(b). Mr. Armitage's argument falters on his assertion that the decision to enforce a term of his probation acted as an "enlargement" of the conditions of his probation. The terms of Mr. Armitage's probation were established by the Judgment and Conviction Order entered by the district court. So long as the disclosure of his convictions to employers falls within the conditions of probation contained in the Judgment and Conviction Order, Mr. Armitage has no grounds for his attack.

Mr. Armitage argues that his conditions of probation do not provide for disclosure to "employers" but merely to "at risk" "third parties." He contends that his convictions

3

do not create any risks for his employers, several individuals for whom he provides tax preparation and accounting services. This argument is without merit. Mr. Armitage was convicted for two crimes involving dishonesty: he falsified his employer's books so that they could secure loans and he failed to file a personal income tax return. Individuals who hire accountants usually depend upon their truthfulness and, always, their accuracy. Mr. Armitage's fear of losing business is well founded; most individuals would have serious doubts about hiring an accountant who has proven himself to be less than honest in his profession. It cannot be said that third parties are not at risk from employing such an accountant. Thus, even though it may be more difficult for Mr. Armitage to find employment, it is certainly not an abuse of discretion for the district court to enforce this condition of Mr. Armitage's probation.

Regardless of any alleged change in the probation office's policies, it was appropriate to enforce the disclosure condition of probation against Mr. Armitage. Likewise, the district court did not breach its discretion when it ordered Mr. Armitage to notify his employers of his prior felony convictions in accordance with his conditions of probation. The district court's order is affirmed and the mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

4