UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

---

UNITED STATES OF AMERICA,    )
                                                      )
     Plaintiff-Appellee,        )
                                                      )
vs.                               )         No. 96-2204
                                              )   (D.C. No. CR-96-91-HB)
MARCO ANTONIO RODRIGUEZ-MERAZ,  )       (D.N.M.)
                                                )
     Defendant-Appellant.     )

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

---

Defendant Marco Antonio Rodriguez-Meraz, a citizen of Mexico, pled guilty to one count of reentry of a deported alien subsequent to a felony conviction in violation of 8 U.S.C. § 1326 (a)(1), (2), & (b)(1). Pursuant to his plea agreement, Defendant stipulated to his deportability and waived a formal deportation hearing. An immigration

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation or orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. This appeal therefore is ordered submitted without oral argument.

judge subsequently ordered Defendant deported. Thereafter, the district court sentenced Defendant to two years imprisonment and one year supervised release. The court imposed the standard conditions of supervised release, see 18 U.S.C. § 3563, including the conditions that Defendant (1) not leave the judicial district without permission of the court or probation office, and (2) report to the probation office within the first five days of each month. Defendant asked the district court to strike the two foregoing conditions of his supervised release because he had been ordered deported to Mexico. The district court refused to alter the terms of Defendant's supervised release, but indicated that the two conditions would not apply if Defendant were deported, and thereafter remained outside the United States:

> THE COURT: Upon release from confinement, he's on supervised release for a term of one year. Within 72 hours of release from custody, report to the nearest probation office. If he's deported and then returns, he's to report to the nearest probation office to complete the remaining portion of his supervised release. . . .

> [DEFENDANT'S COUNSEL]: One final thing, without waiving the supervised release departure issue, when I'm looking at the recommended conditions of supervised release, one is that the defendant shall not leave the judicial district or other area without permission of the court or probation officer. Can I request that that be stricken?

> THE COURT: Sure. Well, if he's deported, why that's legal.

> [DEFENDANT'S COUNSEL]: Yes sir. And, secondly, it also says he has to give a written report within five days of each month under a standard condition. It just seems redundant to me that we impose it, and there's no way to carry it out.

> THE COURT: Once he's deported, that's waived, of course.

2

Rec. Vol. III at 8-10.

On appeal, Defendant asserts that the district court abused its discretion by requiring Defendant to remain within the district and periodically report to the probation office as conditions of his supervised release. Because he was ordered deported, Defendant claims he cannot comply with the conditions of his supervised release once he returns to Mexico. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

While we review the district court's application of the sentencing guidelines de novo, we review court-ordered conditions of supervised release for an abuse of discretion. United States v. Edgin, 92 F.3d 1044, 1047 (10th Cir. 1996), cert. denied, __ S. Ct. __ (1997). "The district court has broad discretion over conditions for post-incarceration supervised release, as explicitly granted by the sentencing guidelines and the statutes upon which those guideline sections are based." United States v. Pugliese, 960 F.2d 913, 915 (10th Cir. 1992) (citing 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(b)).

Under Application Note 1 of U.S.S.G. § 5D1.1, the district court has discretion to depart from the requirement that a term of supervised release be imposed following imprisonment. In this case, however, the court declined to depart so that Defendant would be required by law to notify the probation office if he returned to the United States during his period of supervised release. While recognizing that Defendant's term of supervised release would remain in effect despite his deportation, see United States v.

3

Brown, 54 F.3d 234, 237-39 (5th Cir. 1995), the court also recognized the difficulty of imposing an effective program of supervised release upon Defendant after deportation. See id. at 238 n.3. The district court's comments at sentencing indicate that the court intended the challenged terms of supervised release to apply only while Defendant is present within the United States. If Defendant is deported and returns before his one year term of supervised release ends, he once again becomes subject to all the conditions of his supervised release. See id. at 239 (offender reentering the United States before expiration of supervision should be supervised) (citing X Probation Manual Guide to Judiciary Policies and Procedures IV, § 18). Absent any indication of Congressional intent that the sentencing decision of the district court was improper, we believe the court did not abuse its discretion in imposing the foregoing terms and conditions of supervised release upon Defendant.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

4