**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 22 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

THOMAS HOWARD STANPHILL, III,

      Defendant-Appellant.

No. 97-1450

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 96-CR-125-S)

---

Submitted on the Briefs:[*]

Henry L. Solano, United States Attorney, and Kathleen M. Tafoya, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

Gary Lozow, Richard K. Kornfeld, and Melissa K. Thompson, of Isaacson, Rosenbaum, Woods & Levy, P.C., Denver, Colorado, for Defendant-Appellant.

---

Before BALDOCK, EBEL, and MURPHY, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

BALDOCK, Circuit Judge.

_____

Defendant Thomas Stanphill currently is serving a three-year term of supervised release in the District of Colorado following his conviction in the Eastern District of Arkansas for using a false social security number in violation of 42 U.S.C. § 408(a)(7)(B). On appeal, Defendant challenges the district court's decision denying his request for modification of the conditions of his supervised release. We review conditions of supervised release, as ordered by the district court, for an abuse of discretion. See United States v. Pugliese, 960 F.2d 913, 915 (10th Cir. 1992). A defendant who seeks to set aside a particular condition of his supervised release must establish that the district court acted outside it discretionary authority in imposing and enforcing it. See United States v. Jordan, 890 F.2d 247, 255 (10th Cir 1989). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

Following his guilty plea in February 1994 to one count of violating 42 U.S.C. § 408(a)(7)(B), the federal district court for the Eastern District of Arkansas sentenced Defendant to fifteen months imprisonment and three-years supervised release. The Bureau of Prisons designated Florence, Colorado, as Defendant's place of imprisonment. In March 1996, the Eastern District of Arkansas transferred jurisdiction of Defendant's case to the District of Colorado pursuant to 18 U.S.C. § 3605. Defendant's conditions of supervised release included the standard condition: "[T]he defendant shall not leave the

2

judicial district without the permission of the court or probation officer."

In April 1997, Defendant began working for Determination Creates Triumph, Inc., (DCT) an Arkansas-based business co-owned by Defendant's father and wife. Defendant states that in connection with his work, he initially traveled throughout the United States with the consent of his probation officer. During this same period, Defendant and DCT became the target of a federal grand jury investigation.

In the fall of 1997, Defendant informed his probation officer that his work with DCT would require travel to Arizona. Defendant agreed to produce all necessary employment documentation to his probation officer's satisfaction. Defendant further advised his probation officer that he would arrange for the officer to speak with Defendant's wife, Sharon Selby, to verify his activities with DCT. By letter dated October 20, 1997, however, Selby's attorney informed the probation officer that because Selby was also a target of the grand jury investigation, she would not discuss her business relationship with Defendant and DCT. Subsequently, the probation officer disallowed Defendant's request to travel outside the district for employment purposes.

On October 23, 1997, Defendant filed a motion with the district court for modification of the conditions of his supervised release in which he requested (1) termination of his supervised release, or, in the alternative, (2) permission to travel outside the district, or (3) termination of his employment obligations under the terms of his supervised release. A week later, Defendant filed a motion for discovery of the

probation officer's response to his motion for modification of supervised release. On November 4, 1997, the district court denied both motions, concluding that "termination of supervised release of this Defendant at this time would not be appropriate." On November 14, Defendant filed a motion to reconsider.

In the meantime, Defendant attempted to work out his differences with his probation officer informally. Defendant was originally scheduled to meet with his probation officer on November 20, 1997, but canceled the meeting because he was ill. The meeting was rescheduled for November 21, and then again for November 24, because Defendant had not heard from his wife's attorney. On November 24, Defendant left a voice mail for his probation officer advising that he still had not heard from his wife's attorney. As a result of the voice mail, the probation officer phoned Defendant that same day to reschedule the meeting. Defendant again informed his probation officer that he could not meet with him. At that point, the probation officer advised Defendant that Defendant would not be given permission to travel outside the district.

On December 1, 1997, the district court denied Defendant's motion to reconsider in a written order thoroughly explaining the reasons for its decision. Defendant thereafter filed a timely notice of appeal. Subsequently, Defendant moved to expedite his appeal and for an injunction pending his appeal. We denied Defendant's motions because "based on the arguments presented, defendant . . . failed to demonstrate entitlement to the relief sought, specifically that he [was] likely to succeed on the merits of his appeal . . . ."

4

<u>United States v. Stanphill</u>, No. 97-1450, unpub. order (10th Cir., Jan. 21, 1998).

II.

On appeal, Defendant argues that because his probation officer initially allowed him to travel outside the district, the officer's subsequent denial of his request to travel outside the district constituted an adverse modification of the conditions of his supervised release which the district court "rubber-stamped." Defendant claims that the district court should have afforded him the procedural protections of Fed. R. Crim. P. 32.1(b) before ruling on his motion for modification of the conditions of his supervised release.

Rule 32.1(b) provides in relevant part:

> A hearing and assistance of counsel are required before the terms or conditions of . . . supervised release can be modified, unless the relief to be granted to the person on . . . supervised release upon the person's request . . . is favorable to the person, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected.

Fed. R. Crim. P. 32.1(b). Defendant acknowledges that under Rule 32.1(b), he is entitled to a hearing and assistance of counsel only if a proposed modification to the conditions of his supervised release is adverse to him. Thus, Defendant argues that his probation officer's initial willingness to permit him to travel outside the district in effect modified a condition of his supervised release which the district court in effect revoked at the request of his probation officer.

We rejected a similar argument in <u>United States v. Armitage</u>, No. 96-1029, unpub. order, 1996 WL 532168 (10th Cir., Sept. 19, 1996). In <u>Armitage</u>, defendant challenged

5

the condition of his probation that required him to disclose his criminal convictions to potential employers. We stated:

> Mr. Armitage argues that the decision to enforce the standard disclosure provision represented a new "policy" of the probation office. It acted as an ex post facto "modification of the terms or conditions of his probation" and as such Fed. R. Crim. P. 32.1(b) requires that he receive "a hearing and assistance of counsel" prior to the modification. See Fed. R. Crim. P. 32.1(b). Mr. Armitage's argument falters on the assertion that the decision to enforce a term of his probation acted as an "enlargement" of the conditions of his probation. The terms of Mr. Armitage's probation were established by the Judgment and Conviction Order entered by the district court. So long as the disclosure of his convictions to employers falls within the conditions of probation contained in the Judgment and Conviction Order, Mr. Armitage has no grounds for his attack.

Id. 1996 WL 532168 at *2 (internal brackets omitted).

Like the defendant's argument in Armitage, Defendant's argument in this case rests upon faulty premises. The probation officer's decision to allow Defendant to travel outside the district did not modify the conditions of Defendant's supervised release. Just because Defendant was allowed to travel outside the district in the past does not entitle Defendant to travel outside the district in the future, or require the probation officer to grant Defendant permission to do so. The Judgment in Defendant's case established the conditions of Defendant's supervised release. The condition of supervised release that "the defendant shall not leave the judicial district without the permission of the court or probation officer" gives the district court and probation officer broad discretion in determining whether to allow travel outside the district. See Pugliese, 960 F.2d at 915

6

("District courts have wide latitude to determine the extent of geographic restrictions as conditions of supervised release."). By denying or granting travel outside the district, Defendant's probation officer merely acted within his authority under the conditions of supervised release.[1]

AFFIRMED.

---

[1] We also reject Defendant's argument that he is entitled to discovery of the probation officer's response to his motion for modification. In its order on Defendant's motion to reconsider, the district court denied Defendant's motion for discovery as moot because the order set forth the grounds on which the probation officer objected to Defendant's motion for modification. A district court's ex parte communications with a probation officer responsible for sentencing recommendations is not improper per se. See United States v. Johnson, 935 F.2d 47, 51 (4th Cir. 1991). Moreover, we refuse to assume that the district court received and relied on improper information in ruling on Defendant's motions. See United States v. Kaamasee, No. 90-2086, unpub. order, 1991 WL 49752 at *2 (10th Cir., March 25, 1991). In its order, the district court expressly stated that the reasons for its decision were based on the information the probation officer presented to it.