**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TIMOTHY JOSEPH JOST,

    Defendant-Appellant.

No. 01-5017

(D.C. No. 98-CR-1-K)
(N.D.Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE** and **MURPHY,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Timothy Jost appeals from an order of the district court denying his pro se motions to remove or modify a special condition of supervised release. We

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Between January and April 1998, three related criminal cases were filed against defendant charging him with a total of eighteen counts of mail fraud. All of the counts arose out of a nearly three-year scheme devised and implemented by defendant to induce elderly victims to "invest" in excess of $1.4 million in pay telephones. Defendant subsequently pled guilty to seven of the counts and, in September 1998, was sentenced to forty-eight months' imprisonment plus three years of supervised release. As a condition of supervised release, the district court prohibited defendant from engaging in any sales-related employment, any employment which required him to invest money for others, or any employment which required him to render investment advice. The district court further ordered that defendant receive approval from the probation office for all employment during the period of supervised release.

On March 29, 2000, and again on October 23, 2000, defendant filed pro se motions asking the district court to remove or substantially modify the employment-related special conditions of supervised release. The district court denied defendant's motions in a written order issued January 5, 2001. We review the district court's denial of defendant's motions for abuse of discretion. See United States v. Pugliese, 960 F.2d 913, 915 (10th Cir. 1992) ("Conditions of supervised release, as ordered by the district court, are reviewed for abuse of discretion.").

The government contends this court lacks jurisdiction to consider this appeal

because defendant had failed to object to the special conditions of supervised release at sentencing, on direct appeal, or by a timely filed petition under 28 U.S.C. § 2255. In Pugliese, this court addressed a motion to modify a special condition of supervised release filed by a pro se defendant pursuant to Federal Rule of Criminal Procedure 32.1(b), while the defendant was still incarcerated, but after sentencing. (See also Fed. R. Crim. P. 32(1)(b), Advisory Committees Notes, 1979 Addition, suggesting the probationer should have recourse to the sentencing court for clarification and/or modification of conditions of probation to respond to changes in the probationer's circumstances, and further noting resolution of the meaning of a condition should be available prior to the probationer's violation of the condition). We also apply the "mail box" rule in response to the government's contention that defendant's notice of appeal was untimely filed and conclude the appeal is timely.

District courts are authorized by statute to impose occupational restrictions as a condition of supervised release, as long as the restrictions "involve[] no greater deprivation of liberty than is reasonably necessary" to promote criminal deterrence, protection of the public, and effective correctional treatment. 18 U.S.C. § 3583(d). Such restrictions may include prohibiting a defendant "from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense." 18 U.S.C. § 3563(b)(5). In order to impose such restrictions, a district court must make two threshold determinations. U.S.S.G.

3

§ 5F1.5(a) (implementing occupational restrictions authorized by 18 U.S.C. § 3583(d)). First, the court must determine that "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction." Id. Second, the court must determine that "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." Id. If a district court finds the existence of the threshold conditions and decides to impose employment-related restrictions on a defendant, it "shall impose the condition for the minimum time and to the minimum extent necessary to protect the public." Id. § (b).

After examining the record on appeal, there is little question that the threshold requirements for imposing the special conditions were satisfied. During the sentencing hearing, the district court stated on the record:

> This is a terrible situation, and this is a defendant who apparently has had a long career in bilking and stealing from these type of victims, only interrupted occasionally by being caught. I have no sense that it won't happen again as soon as he gets out of prison. There's nothing that I read in this presentence report that gives me any hope that this won't continue to go on and on.

ROA, Vol. III at 45. Likewise, in denying defendant's motions to remove or modify the special conditions of supervised release, the district court stated:

> The record presented at sentencing established that defendant had engaged in a multi-state scheme of defrauding elderly persons with his

4

fraudulent payphone concessions. Moreover, the acts resulting in these convictions came while he was still on probation supervision for doing the same thing in two counties in Texas.

Id., Vol. I, Doc. 24 at 2. In our view, these statements demonstrate that the district court made the determinations required by § 5F1.5(a). Further, nothing in the record on appeal persuades us that these determinations were erroneous.

The remaining question is whether the district court complied with the requirements of § 5F1.5(b) in imposing the special conditions, i.e., whether it imposed the conditions "for the minimum time and to the minimum extent necessary to protect the public." Because defendant does not challenge the length of the special conditions, we focus solely on the extent of the conditions. On this point, defendant contends that the restriction on "sales-related employment" is overly broad and could conceivably prohibit him from taking any job that involves the sale of goods or services. As an extreme example, defendant contends that he "would technically be in violation of his supervised release condition" if he were to "sell[] hamburgers at a local restaurant." Defendant's Opening Br. at 11.

In denying defendant's motions to remove or modify the special conditions of supervised release, the district court stated it could "conceive of possible occupations which defendant might seek as to which a ban on all 'sales-related employment' might be unduly restrictive." ROA, Vol. I, Doc. 24 at 2-3. Accordingly, the district court advised defendant that he would be permitted to "seek approval of any future

5

occupation from the United States Probation Office and ultimately th[e] Court," and that "[t]he decision w[ould] be made on a particularized basis." Id. at 3. Given this ruling, we are persuaded that the special conditions imposed by the district court are in compliance with § 5F1.5(b), and there was no abuse of discretion on the part of the district court.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
