**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

THOMAS H. McCONVILLE,

      Defendant – Appellant.

No. 05-2087
(D.C. No. CF-02-2162 BB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Thomas H. McConville, a/k/a Robert J. McConville, appeals his

convictions and sentence for conspiring to bring illegal aliens into the United

States in violation of 18 U.S.C. § 371 and 8 U.S.C. § 1324(a)(1)(A)(i), and

bringing aliens into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(ii)

and 18 U.S.C. § 2. McConville's counsel filed a brief pursuant to Anders v.

California, 386 U.S. 738 (1967), moving for leave to withdraw as counsel.[1] We

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] McConville's trial counsel filed an Anders brief asserting that there were
(continued...)

**GRANT** counsel's motion to withdraw, **AFFIRM** McConville's sentence, and **DISMISS** his appeal.

On September 10, 2002, border patrol agents assigned to the area around Columbus, New Mexico stopped a van heading West on New Mexico State Road 9. Inside the van were eleven Polish nationals who had entered the country illegally. Subsequent investigation showed that the parties responsible for organizing their entry into the United States were Stanley Piotrowski, McConville, and Jadwiga McConville, McConville's wife. All three individuals were indicted on one count of conspiring to bring illegal aliens into the United States during September 2002 and two counts of bringing an illegal alien into the United States for the purpose of commercial advantage and private financial gain. A jury convicted McConville on all charges, and he was sentenced to the statutory minimum: three years' imprisonment. In addition, he was also ordered to pay $300 in special assessments, and subjected to a three-year period of supervisory release following his imprisonment. As a special condition of his supervisory release, McConville was prohibited from having any contact with Piotrowski. McConville has been released from prison, and is currently serving the three-year period of supervised release.

[1](...continued)
no non-frivolous issues on appeal. We removed trial counsel, and appointed the Office of the Federal Public defender for the District of Colorado to represent him on appeal. That office submitted a revised Anders brief, again asserting that there are no non-frivolous issues for our consideration.

If counsel conscientiously examines a case and determines that any appeal would be wholly frivolous, Anders authorizes counsel to so advise the court and request permission to withdraw. Id. at 744. Counsel must submit a brief to both the appellate court and the client pointing to anything in the record that would potentially present an appealable issue. Id. The client may then choose to offer any argument to the court. Id. If the court, upon completely examining the record, determines that the appeal is in fact frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. In the present case, counsel provided McConville with a copy of the Anders brief, and McConville has chosen not to exercise his right to submit a pro se brief in response.

Counsel's Anders brief identifies two potentially appealable issues. First, the district court admitted evidence that during a previous stop at the United States-Mexico border agents discovered McConville was attempting to illegally transport a Polish citizen into the United States, and was also carrying the luggage of two other Polish nationals who were attempting to illegally enter the United States on foot. The government filed a pretrial motion in limine seeking to admit this evidence under Federal Rule of Evidence 404(b) for the purpose of showing McConville's knowledge and intent, common scheme or plan, or absence of mistake or accident. McConville filed no response, and the district court granted the motion. Because McConville also failed to object to admission of this evidence when presented at trial, we review for plain error. "Plain error occurs

when there is (1) error (2) that is plain, which (3) affects the plaintiff's substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (quotation omitted).

Based on our review of the record, the district court did not plainly err in admitting this evidence. It reasonably concluded that McConville's prior involvement with assisting Polish nationals attempting to enter the country illegally was admissible under Rule 404(b).[2] Further, the evidence was not unduly prejudicial under Rule 403.[3] McConville would be unable to satisfy the first prong of the plain error analysis, that there was error. Thus, we agree with counsel that any appeal of this issue would be frivolous.

McConville's counsel identifies a second potentially appealable issue: the district court's order that McConville have no contact with Piotrowski during

---

[2] Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of . . . opportunity, intent, . . . plan, knowledge, . . . or absence of mistake or accident.

[3] Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

McConville's three-year period of supervised release.[4]  It is undisputed that the Presentence Report did not recommend imposition of this special condition and that the district court, without providing notice, imposed the condition sua sponte during the final minutes of the sentencing hearing.  It is also undisputed that McConville failed to object to this condition during the sentencing hearing.

Counsel argues McConville waived his right to appeal this condition by failing to object below.  Defendants do not necessarily waive their right to appeal a special condition of supervised release when they are given no pre-trial notice of the potential imposition of the condition.  See United States v. Bartsma, 198 F.3d 1191, 1198-99 (10th Cir. 1999) (citing Fed. R. Crim. P. 32(c)(1)) (holding that failure to object does not waive a sentencing objection unless defendant received notice sufficient to provide a meaningful opportunity to comment).  The district court did not provide actual notice, but notice may be either actual or constructive.  See United States v. Barajas, 331 F.3d 1141, 1144 (10th Cir. 2003).  Constructive notice is provided if the condition imposed is a required or discretionary condition of supervised release identified in 18 U.S.C. §§ 3583(d), 3563(b), or United States Sentencing Guideline § 5D1.3.  Id. at 1154-55.  Counsel argues that McConville had constructive notice based on § 5D1.3(c)(9), which indicates that a standard condition of supervised release is that the defendant may

_____

[4] McConville's release from prison does not render moot his challenge to the conditions of his supervised release.  See United States v. Tran, 285 F.3d 934, 936 n.1 (10th Cir. 2002).

not associate with a convicted felon unless granted permission to do so by the probation office. Arguably, this placed McConville on notice that he might be prohibited from contacting Piotrowski during his supervisory release period.

However, we find it unnecessary to resolve this question; the condition imposed by the district court is not one that requires presentence notice. "[N]otice of a special condition is only required when the condition implicates a liberty interest, and there is a lack of any obvious nexus between the condition and the crime of conviction." United States v. Bruce, 458 F.3d 1157, 1167-68 (10th Cir. 2006). Here, a sufficient nexus exists between the condition imposed on McConville – no contact with his co-defendant – and his conviction for conspiracy to transport illegal immigrants into the United States. Conspiracy requires some form of agreement between two individuals, which necessitates some form of communication. United States v. Evans, 970 F.2d 663, 668 (10th Cir. 1992). The condition imposed ensures that McConville and Piotrowski will not agree to transport illegal aliens again during the three-year supervised release period.

Further, the district court did not abuse its discretion in imposing this condition. "Conditions of supervised release, as ordered by the district court, are reviewed for abuse of discretion." United States v. Pugliese, 960 F.2d 913, 915 (10th Cir. 1992). District courts' wide latitude to impose supervised release conditions is subject to certain statutory constraints:

> [A] condition of supervised release must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Moreover, the condition must involve no greater deprivation of liberty than is reasonably necessary given the needs "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D).

United States v. Edgin, 92 F.3d 1044, 1048 (10th Cir. 1996). Although the district court did not make factual findings regarding this condition, the record shows the condition is reasonably related to the nature and circumstances of McConville's crime. It addresses his personal connection and prior experiences with his co-defendant, and seeks to avoid continuance of conspiratorial activity with this particular person. Nor are we convinced that any lesser condition would provide "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).

Accordingly, we **GRANT** counsel's request to withdraw, **AFFIRM** McConville's conviction, and **DISMISS** his appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge