UNITED STATES of America, Appellee,

v.

Domenick TORTORA, Defendant,

Bruno Chiaverini, Defendant–Appellant.

No. 1266, Docket 92–1684.

United States Court of Appeals,
Second Circuit.

Argued April 23, 1993.

Decided May 21, 1993.

Harold J. Pokel, New York City, for defendant-appellant.

Peter A. Norling, Tanya Y. Hill, Asst. U.S. Attys., E.D.N.Y., Brooklyn, NY (Mary Jo White, U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before: KEARSE and ALTIMARI, Circuit Judges, ROBERT L. CARTER, Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation.

ALTIMARI, Circuit Judge:

Defendant-appellant Bruno Chiaverini appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (Johnson, J.). Pursuant to an agreement with the government, Chiaverini pleaded guilty to a misdemeanor offense stemming from a payment he made to a bank officer in violation of 18 U.S.C. § 215(a)(1) (Supp. II 1984).

The district court sentenced Chiaverini to five years' probation, and also ordered him to pay restitution to the bank in the amount of approximately $129,000. The court imposed a special condition of probation on Chiaverini, forbidding him from returning to Italy until restitution was satisfied.

Chiaverini now appeals, arguing that: (1) the imposition of restitution was an abuse of discretion where the district court failed to consider the factors enumerated in 18 U.S.C. § 3664(a) (Supp. II 1984); and (2) the district court erred in forbidding him from returning to Italy until he satisfies restitution.

For the reasons set forth below, we reverse the judgment of the district court, vacate the sentence imposed, and remand for resentencing.

## BACKGROUND

Defendant-appellant Bruno Chiaverini is a native and citizen of Italy who came to the United States in 1980. For approximately six years, he worked as a laborer and eventually as a foreman for an ironworks company in Brooklyn, New York. In November 1986, Chiaverini and co-defendant Alberto Palermo started their own ironworks business, the "Big Apple Iron Works."

Unfortunately, the business did not do well, partly as a result of cash-flow problems. Having depleted their savings, Chiaverini and Palermo attempted to get a bank loan from the Independence Savings Bank in Brooklyn in order to keep their enterprise afloat. In May 1987, Chiaverini and Palermo paid $35,000 to bank officers through an intermediary in order to secure a $150,000 loan. They used the loan to pay off business debts and to move the business to a new location. Big Apple Iron Works, however, continued to falter and eventually failed.

In September 1991, twelve individuals, including Chiaverini, were indicted for conspiracy, bank fraud, and making false statements in connection with various loans procured from Independence Savings Bank. With respect to Chiaverini, the indictment charged that he, Palermo, and their intermediary submitted false financial statements to the bank. Chiaverini's offense occurred prior to the effective date of the United States Sentencing Guidelines.

Chiaverini entered into a plea agreement under which he pled guilty before the United States District Court for the Eastern District of New York (Johnson, J.) to a misdemeanor under 18 U.S.C. § 215(a)(1) "for giving a thing of value, with the intent to influence, to an officer of a financial institution." He cooperated fully with the government with respect to the remaining defendants.

At Chiaverini's request, he was sentenced before his anticipated testimony at the trial of his co-defendants, so that he could return to his native Italy to secure employment. Prior to his sentencing, Chiaverini informed the district court, in a letter from his attorney, of his destitute financial condition. He pointed out that he was unemployed, homeless, and saddled with approximately $129,000 owing on the bank loan. Because of his financial and personal problems, his wife had left him. Although he had worked all his life, he stated that he could not find work in the United States regardless of how diligently he searched, because of his lack of education and limited ability to speak English. The letter to the court noted that Chiaverini hoped to go back to his extended family in Italy, where he would be able to secure work and support his two teenaged daughters and estranged wife in the United States.

At Chiaverini's sentencing hearing, his attorney explained to the district court that the government could not submit a letter concerning Chiaverini's cooperation because the co-defendants had not yet gone to trial. However, the government did state that Chiaverini had been "substantially truthful," and took no position as to his sentence. The government did not request restitution. In fact, the Assistant United States Attorney seemed to anticipate restitution not being imposed, stating: "if the court would not be inclined to order restitution, I would think that a finding as to the reasons for that would be required on the record."

The district court sentenced Chiaverini to five years' probation. The court also ordered him to pay restitution to the bank of the unpaid principal of the bank loan in the approximate amount of $129,000, plus interest and penalties. The court made no specific findings on the record as to Chiaverini's ability to pay such a fine or as to any other factors relating to restitution.

After the district court imposed its sentence, Chiaverini's attorney asked the court for unsupervised probation, so that Chiaverini could return to Italy to look for work. The district court responded: "My decision is that I will not allow him to go back to Italy until he makes restitution. You can make an application at a later date, but he has to make restitution." The district court entered a judgment stating that Chiaverini "is

not to return to Italy until restitution is satisfied."

Chiaverini now appeals.

## DISCUSSION

### I. *The Reasonableness of The Restitution*

Chiaverini argues that the district court abused its discretion in imposing the restitution order, because the amount far exceeds his ability to pay. The government agrees that the case should be remanded for resentencing, but only so that the district court can indicate that it has considered the factors set forth in 18 U.S.C. § 3664(a) governing restitution.

■ Section 3663(a)(1) provides that a court "may order" restitution as part of a sentencing proceeding. *Id.* § 3663(a)(1). Restitution is therefore a discretionary, not mandatory, element of defendant's sentence, and it can only be imposed if the sentencing court considers:

> the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.

*Id.* § 3664(a). Although the court need not set forth its findings in detail, the record must demonstrate that the court has considered these factors in ordering restitution. *See United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir.1991) (vacating restitution for failure of district judge to give consideration to § 3664(a) factors); *United States v. Atkinson*, 788 F.2d 900, 902 (2d Cir.1986) (holding that district courts are required to consider all material relevant under § 3664(a) when imposing restitution).

■ In the present case, both parties agree that the record is devoid of any indication that the district court considered the factors set forth in § 3664(a). Rather, the district court simply identified the amount owed the disadvantaged bank and imposed that full amount on Chiaverini. Without such consideration, the sentence imposed by the district court is an abuse of discretion.

*See, e.g., United States v. McIlvain*, 967 F.2d 1479, 1481 (10th Cir.1992); *United States v. Mitchell*, 893 F.2d 935, 936 (8th Cir.1990); *United States v. Gomer*, 764 F.2d 1221, 1225 (7th Cir.1985). Therefore, Chiaverini's sentence must be vacated and the case must be remanded for resentencing so that the district court can explicitly evaluate the factors set forth in § 3664(a).

Because we remand for resentencing on a procedural basis, we do not have occasion to evaluate Chiaverini's claim that the restitution imposed is unduly harsh. We leave it to the district court to consider Chiaverini's contentions that a $129,000 restitution assessment is insupportable under § 3664(a) in light of his financial condition.

### II. *The Ban on Chiaverini's Travel*

The district court imposed a special condition of probation on Chiaverini, ruling that he not be allowed to return to Italy until his restitution was satisfied. The district court on remand might—if it chooses to impose restitution after considering the § 3664(a) factors—place a similar travel restriction on Chiaverini. In the interests of judicial economy, we address Chiaverini's contention that the travel ban is impermissible.

■ District courts have the discretion to place conditions on probation. *See* 18 U.S.C. § 3651 (1982) (applicable to offenses, such as Chiaverini's, committed before November 1, 1987). This includes necessary restrictions on the right to travel. *See United States v. Pugliese*, 960 F.2d 913 (10th Cir.1992) (upholding district court's ruling that the probationary structure needed to support defendant's rehabilitation required his presence in the United States); *United States v. Beech–Nut Nutrition Corp.*, 925 F.2d 604, 608 (2d Cir.1991) (upholding probation condition restricting travel where defendant argued travel was necessary for purposes of seeking employment). These conditions, however, "must be measured against the twin aims of rehabilitating the defendant and protecting the public." *Id.*

Even though the district court identified the travel restriction as a "special condition" of probation, the condition actually states:

"The defendant is not to return to Italy until restitution is satisfied." It does not state that the defendant can return to Italy once probation has ended, but instead grounds the condition on the satisfaction of restitution. The way the judgment is worded, the travel restriction is a special condition of restitution, not a special condition of probation. Conceivably, then, the district court's order could force Chiaverini to remain in the United States beyond the probationary period, indefinitely, until restitution is made.

We can find no statutory authority allowing the district court to restrict Chiaverini's constitutional right to travel beyond his probationary period. The statutory authorization for issuing orders of restitution provides only that restitution will be a condition of probation if probation is ordered. 18 U.S.C. § 3663(g) (Supp. II 1984). That section, however, does not entitle the district court to extend other conditions of probation (i.e. the travel restriction) beyond the probationary period in order to satisfy restitution. Rather, the district court is authorized to revoke probation if restitution is not made, but can only do so after considering "the defendant's employment status, earning ability, financial resources, the willfulness of the defendant's failure to pay, and any other special circumstances that may have a bearing on the defendant's ability to pay." *Id.*

The district court cannot preclude Chiaverini from travelling to Italy until restitution is made. If the court chooses to impose a travel restriction, the prohibition cannot extend past the completion of Chiaverini's probationary period. On remand, the district court can determine whether such a restriction is necessary to serve rehabilitative or public safety concerns.

## CONCLUSION

We have examined Chiaverini's remaining contentions, and find them to be without merit. Accordingly, the judgment of the district court is vacated, and the case remanded for resentencing in a manner consistent with this opinion.