**UNITED STATES of America, Appellee,**

v.

**Morton G. FRIEDBERG, aka Jerry Friedberg; Igor Roizman; Joseph Galizia; Gerald Teich, Defendants,**

**Igor Porotsky, Defendant–Appellant.**

**No. 1165, Docket 95–1615.**

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1995.

Decided March 13, 1996.

Larry J. Silverman, New York City (Jane Simkin Smith, of counsel), for Defendant–Appellant.

Michael E. Karam, Attorney, Tax Division, Department of Justice, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Attorneys, Tax Division, Department of Justice, Washington, DC, Zachary W. Carter, United States Attorney for the Eastern District of New York, of counsel), for Appellee.

Before KEARSE, MINER and PARKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Igor Porotsky appeals from an order entered in the United States District Court for the Eastern District of New York (Wexler, J.) denying Porotsky's request for permission to travel to Russia during his term of probation on the ground that he "poses an enhanced risk of flight."

For the reasons that follow, we vacate the order and remand for reconsideration.

## BACKGROUND

Porotsky is a chemical engineer who became a naturalized citizen of the United States in 1986 after emigrating from Russia in 1979. After resettling in the United States, Porotsky continued to conduct business in Russia, and, in the late 1980s, he became a senior consultant for ISI Chemical Supply, an American company engaged in trade with the former Soviet Union. In this capacity, his responsibilities included establishing and maintaining business contacts with oil and petrochemical companies in Russia, the Ukraine, and other parts of the former Soviet Union. The job required that Porotsky often travel to Russia for the purpose of maintaining his contacts.

On February 6, 1991, Porotsky was arrested after being indicted on charges that stemmed from a gasoline bootlegging operation conducted during the years 1984 through 1986. The charges included one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and four counts of attempted evasion of approximately $14 million in federal gasoline excise taxes, in violation of 26 U.S.C. § 7201. Thereafter, Porotsky entered into a plea agreement with the government in which he agreed to plead guilty to three counts of the indictment in return for the government's promise to recommend to the district court that Porotsky be incarcerated for a three-year period, fined $75,000, and required to serve a period of probation. Pursuant to the agreement, on December 23, 1991, Porotsky pleaded guilty to three counts of the indictment.

On April 30, 1992, the district court sentenced Porotsky in accordance with the government's recommendation. The sentence consisted of a three-year prison term and a five-year term of probation that included the following conditions: (1) Porotsky could "not leave the judicial district without the permission of the court or probation officer"; and (2) he was required to "[p]ay back all tax liabilities as directed by the Probation Department and IRS during the probationary term."

Between the time of his arrest and his guilty plea, Porotsky, on three occasions, requested and was granted court permission to travel to Russia. He was granted permission to travel to Russia once more during the

period after his plea of guilty and before the imposition of his sentence.

Following his release from prison in July of 1994, Porotsky again, on three occasions, requested court permission to travel to Russia. Each of his requests was denied by the district court. In his first request, made on August 23, 1994, Porotsky sought permission to travel to Russia from September 10, 1994 through September 26, 1994. On August 26, 1994, the district court, without providing any explanation, denied Porotsky's request.

By letter dated January 9, 1995, Porotsky renewed his travel request, seeking permission to travel to Moscow from February 1, 1995 through March 1, 1995. The government, by a January 20, 1995 letter filed under seal, opposed Porotsky's second request and claimed that Porotsky's circumstances presented an enhanced risk of flight. In its January 20th letter, the government maintained that there was an enhanced risk of flight because: (1) as a condition of his probation, Porotsky remained liable "for some or all of [the] evaded tax" stemming from his gasoline bootlegging scheme; and (2) he currently was the subject of an "ongoing grand jury investigation into gasoline excise tax evasion." On January 25, 1995, the district court, without providing a reason, denied Porotsky's second post-incarceration travel request.

By a letter dated August 1, 1995, Porotsky made his third post-incarceration request to the district court for permission to travel to Russia. In this request, Porotsky provided a detailed itinerary of his proposed travels, explained the business reasons for his travel request, and offered to post bail in order to alleviate any concerns of the district court regarding the risk of flight. However, on August 4, 1995, the district court again denied Porotsky's travel request.

Following this denial, Porotsky's counsel asked that the district court reconsider its ruling, and that, if the court were to deny Porotsky's request, to give a reason for its denial. By a letter dated September 21, 1995 and filed under seal, the government opposed Porotsky's request principally for the reasons stated in its January 20, 1995 letter. On October 16, 1995, the district court denied Porotsky's request for permission to travel to Russia. The district court stated:

> In response to defendant's request for the basis for the Court's denial of his travel request, this Court finds that the circumstances concerning defendant, as indicated in the government's January 20, 1995 letter and as reiterated in the government's September 21, 1995 letter, indicate that defendant poses an enhanced risk of flight. Accordingly, his travel request was, and is again, denied.

Porotsky appeals this order.

## DISCUSSION

Porotsky contends that the district court's denial of his request for permission to travel to Russia was an abuse of discretion. Specifically, he argues that the district court's denial of his travel request on the ground that his circumstances posed an enhanced risk of flight did not bear a reasonable relationship to the twin aims of probation: (1) rehabilitating the defendant; and (2) protecting the public from further criminal conduct by the defendant. Finally, Porotsky maintains that, even if protecting against the risk of flight were a legitimate probationary objective, the district court's determination that there was such a risk was clearly erroneous.

Under 18 U.S.C. § 3651 (applicable to offenses committed before November 1, 1987), federal courts have broad authority to set the conditions of probation. *See United States v. Beech–Nut Nutrition Corp.,* 925 F.2d 604, 608 (2d Cir.1991); *Fiore v. United States,* 696 F.2d 205, 207 (2d Cir.1982). We will set aside these conditions only if the district court abuses its discretion in imposing the conditions. *United States v. Gracia,* 755 F.2d 984, 991 (2d Cir.1985). A condition will be found valid if it is reasonably related to the twin aims of probation: rehabilitating the defendant and protecting the public. *Beech–Nut,* 925 F.2d at 608; *United States v. Tolla,* 781 F.2d 29, 34 (2d Cir.1986); *United States v. Pastore,* 537 F.2d 675, 681 (2d Cir. 1976). A condition is not reasonable if it is found to be "unnecessarily harsh or excessive in achieving these goals." *Tolla,* 781 F.2d at 34.

■ A restriction on travel can be a valid condition of probation. *See* 18 U.S.C. § 3651; *see also United States v. Tortora,* 994 F.2d 79, 81 (2d Cir.1993) (holding that district courts have discretion to place conditions on probation including "necessary restrictions on the right to travel"); *United States v. Pugliese,* 960 F.2d 913, 915–16 (10th Cir.1992) (upholding the district court's denial of defendant's request to serve his period of supervised release in Thailand and stating that the defendant's post-incarceration rehabilitation required his presence in the United States); *Beech–Nut,* 925 F.2d at 608 (affirming the district court's denial of defendant's request to travel to various countries in Europe to seek employment and business opportunities). However, restricting the defendant's right to travel must be reasonably related to rehabilitating the defendant and protecting the public.

■ In the present case, the district court denied Porotsky's request to travel on the basis of an enhanced risk of flight. While risk of flight is considered by district courts in determining whether a defendant qualifies for pre-trial detention, *see* 18 U.S.C. § 3142(e); *United States v. Millan,* 4 F.3d 1038, 1043 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1386, 128 L.Ed.2d 60 (1994), we know of no case where a probationer's request for permission to travel has been denied because of the risk that a probationer would flee. In *Beech–Nut,* a case similar to the one at bar, our review of the validity of the district court's denial of the probationer's travel request was not based on whether there was a risk of flight. *See* 925 F.2d at 608. Rather, we considered whether the denial of the probationer's travel request served the two objectives of probation. *Id.* In upholding the district court's order denying the probationer permission to travel to certain European countries, we held that the restriction on the defendant's travel served the objectives of probation. *Id.* We stated that the restriction could promote the defendant's rehabilitation by "reinforcing his perception that misdeeds do result in constraints on freedom," and that "keeping close reins on his job search would serve to alleviate the danger to society posed by the possibility

that [the defendant] might repeat similar offenses." *Id.*

In the present case, however, the district court did not consider whether the denial of Porotsky's travel request served the twin aims of probation. Therefore, we remand to the district court with instructions to determine, on the basis of appropriate findings, whether the denial of Porotsky's travel request would be reasonably related to his rehabilitation and the protection of the public. Accordingly, we do not address Porotsky's contention that the district court's finding of enhanced risk of flight was clearly erroneous.

### CONCLUSION

The order of the district court is vacated, and the case is remanded for reconsideration in accordance with the foregoing.