**UNITED STATES of America, Appellee,**

v.

**Igor POROTSKY, Defendant–Appellant.**

**No. 1010, Docket 96–1479.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 28, 1996.

Decided Jan. 15, 1997.

Jane S. Smith (Larry J. Silverman, New York City), for Defendant–Appellant.

Michael E. Karam, Tax Division, Department of Justice, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Robert E. Lindsay, Alan Hechtkopf, Attorneys, Tax Division, Department of Justice, Washington, DC, Zachary W. Carter, United States Attorney for the E.D.N.Y., of counsel), for Appellee.

Before: KEARSE, WALKER, and JACOBS, Circuit Judges.

PER CURIAM:

Defendant-appellant Igor Porotsky ("Porotsky") appeals from an order entered in the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*) denying Porotsky's request for permission to travel to Russia during his term of probation. Because the district court has failed to base its denial on appropriate findings, and because the government offers no facts on which such a finding could be based, we reverse the order of the district court and remand for proceedings consistent with this opinion.

## BACKGROUND

The background facts of this case are set forth in detail in *United States v. Friedberg*, 78 F.3d 94 (2d Cir.1996) (per curiam), familiarity with which is presumed. We summarize only those facts relevant to the present appeal.

On December 23, 1991, Porotsky pled guilty to two counts of attempting to evade payment of excise tax in violation of 26 U.S.C. § 7201 and one count of conspiring to defraud the United States in violation of 18 U.S.C. § 371. In accordance with a plea agreement, the district court sentenced Porotsky to a three year prison term to be followed by a five year term of probation. One of the conditions of Porotsky's probation was that he "not leave the judicial district without the permission of the court or probation officer."

Porotsky was released from prison in July of 1994, and began serving his term of probation. Over the course of the following year, Porotsky submitted two requests to the district court for permission to travel to Russia for business purposes, each of which was denied by the district court without explana-

tion. On August 1, 1995, Porotsky made his third post-incarceration request to travel to Russia. Upon the district court's denial of this request (again, without explanation), Porotsky's counsel asked the district judge to reconsider the denial or, at least, to provide the basis for the denial. On October 16, 1995, the district judge supplemented his earlier denial of Porotsky's request in a brief order, which stated:

> In response to defendant's request for the basis for the Court's denial of his travel request, this Court finds that the circumstances concerning defendant, as indicated in the government's January 20, 1995 letter and as reiterated in the government's September 21, 1995 letter, indicate that defendant poses an enhanced risk of flight. Accordingly, his travel request was, and is again, denied.

Porotsky appealed this order to this court, contending that the district judge's denial of his travel request constituted an abuse of discretion. In particular, he argued that the stated basis for denial—risk of flight—was unrelated either to Porotsky's rehabilitation or to protecting the public, the only two permissible grounds upon which his travel request could be denied.

On March 13, 1996, this court vacated the district judge's order, agreeing with Porotsky that the district court had failed to consider the travel request in light of the recognized goals of probation. We explained that a restriction on a probationer's right to travel may only be imposed where such condition is "reasonably related" to the twin aims of probation: the rehabilitation of the defendant and the protection of the public. *United States v. Friedberg,* 78 F.3d at 96 (citing *United States v. Beech–Nut Nutrition Corp.,* 925 F.2d 604, 608 (2d Cir.1991)). We indicated that a probation condition based solely on the concern that a defendant is a flight-risk, without more, is not sufficiently related to either of those aims. We observed that we were unable to find a single instance of a court denying a travel request on this basis. Because the district court based its denial of Porotsky's travel request exclusively on his alleged risk of flight, we vacated the order, and remanded the case with instructions to "determine, on the basis of appropriate findings, whether the denial of Porotsky's travel request would be reasonably related to his rehabilitation and the protection of the public." *Friedberg,* 78 F.3d at 97.

On July 1, 1996, the probation office submitted a letter to the district court indicating that in view of the Second Circuit's opinion and the defendant's compliance with his terms of probation, the probation office had no objection to the defendant's travelling to Russia, provided the defendant was willing to adhere to certain specific conditions while abroad. The probation office's letter also indicated, however, that the Department of Justice ("the government") continued to oppose Porotsky's travel request, although now, rather than basing its objection on risk of flight, the government asserted that such travel "would impede the overall focus of supervision, that being rehabilitation and protection of the community." On the final page of the probation office's letter, the district court ordered: "Permission to travel to Russia Denied." Once again, the district court provided no additional reasons for the denial. This appeal followed.

## DISCUSSION

 Porotsky argues that the district court abused its discretion by failing to follow this court's instruction to base any decision with respect to Porotsky's travel request on appropriate findings. We agree. As we have noted, although 18 U.S.C. § 3651 grants courts broad authority to impose conditions of probation, such discretion is not limitless. *See United States v. Sterber,* 846 F.2d 842, 843 (2d Cir.1988). We will direct that a condition be set aside where we believe that a judge has abused his or her discretion in imposing a particular condition. *See, e.g., United States v. Tortora,* 994 F.2d 79, 81–82 (2d Cir.1993).

In the present case, the district court was explicitly directed to reconsider Porotsky's request to travel to Russia in light of this court's mandate to consider whether the denial of the request would be reasonably related to his rehabilitation and to the protection of the public. The district court was also directed to conduct such an evaluation on the

basis of "appropriate findings." *Friedberg*, 78 F.3d at 97. However, by denying Porotsky's travel request by a cursory endorsement, the district judge appears to have based his decision on no findings whatsoever. This failure to comply with this court's directive constitutes an abuse of discretion. *See, e.g., United States v. Stevens,* 66 F.3d 431, 437–38 (2d Cir.1995).

 Additionally, we note that even if we were to infer that the district court based its decision to deny Porotsky's travel request on the government's opposition thereto, we would find such a ground inadequate. As noted, the government's opposition, represented in the probation office's July 1, 1996 letter, was grounded solely on its summary conclusion that travel to Russia would "impede the overall focus of supervision, that being rehabilitation and protection of the community." However, the mere recitation of the twin aims of probation does not constitute an "appropriate finding" on which to base a denial of a travel request.

In circumstances where a district court's decision to deny a defendant's request of the sort presented here is an abuse of discretion, we would ordinarily remand to the district court with instructions to reconsider its order in light of the holding we have enunciated. However, we view such a remand to be unnecessary in this case for two reasons. First, we have already issued instructions to the district court to reconsider, based on appropriate findings, whether denying Porotsky's request furthers the twin aims of probation, and the district court has declined to do so. Second, the government has consistently been unable—either in its communications with the district court or in oral argument before this court—to proffer any convincing reasons that would warrant the denial of Porotsky's travel request. For example, the government's position, urged at oral argument, that Porotsky should be denied the opportunity to travel abroad for business because Porotsky has not established that he would be unable to secure employment in the United States is wholly without merit. That Porotsky could develop business opportunities domestically is irrelevant: the relevant question is only whether both the defendant's rehabilitation and the public interest would be served by preventing Porotsky from travelling abroad. After repeated questioning, counsel for the government failed to offer a single convincing reason why the travel restriction would serve either of these two goals of probation.

 In sum, because the government has offered no legitimate reason to deny Porotsky's request to travel to Russia, we conclude that any such restriction is not reasonably related to the goals of probation. Accordingly, we remand the case to the district court with instructions to grant the travel request upon such conditions recommended by the probation office in its July 1, 1996 letter as the district court considers appropriate.