**UNITED STATES of America,**

v.

**Harvey SCHEER, Defendant.**

No. CR 96–0304–01(ADS).

United States District Court,
E.D. New York.

Dec. 23, 1998.

352

U.S. Dept. of Justice, Northern Criminal Enforcement Section, Washington, DC by David P. Bloch, Senior Trial Attorney, for U.S.

U.S. Dept. of Probation, Hempstead, NY by Senior U.S. Probation Officer Madeline Hart.

Victor Knapp, Kew Gardens, NY, for Harvey Scheer.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

At issue are letters dated December 15, 1998 and December 22, 1998 from counsel for the defendant, Harvey Scheer, requesting permission to travel to the Southern District of Florida from December 25, 1998 to January 4, 1999, and the Memorandum in response from Senior United States Probation Officer Madeline Hart dated December 17, 1998. The Court agrees with the conclusion of the United States Department of Probation, and denies this request in its entirety.

District courts have broad discretion to impose and apply conditions of probation. *See United States v. Tolla,* 781 F.2d 29, 32 (2d Cir.1986). Valid conditions must "promote the probationer's rehabilitation and ... insure the protection of the public," without being unnecessarily harsh or excessive.

*Tolla,* 781 F.2d at 34. Travel conditions that promote these "twin aims" of probation have been upheld on appeal. *See United States v. Beech–Nut Nutrition Corp.,* 925 F.2d 604, 608 (2d Cir.1991). Thus, "the relevant question is only whether both the defendant's rehabilitation and the public interest would be served by preventing [the defendant] from traveling...." *United States v. Porotsky,* 105 F.3d 69, 72 (2d Cir.1997).

The Second Circuit discussed *Beech–Nut* in two related cases involving the same defendant, *United States v. Friedberg,* 78 F.3d 94 (2d Cir.1996), and *United States v. Porotsky,* 105 F.3d 69 (2d Cir.1997). The District Court in *Friedberg* denied the defendant's request for permission to travel to Russia on the ground that the defendant was a flight risk in view of, among other things, his continuing obligation to pay restitution. The Second Circuit vacated the District Court's order and remanded, holding that the District Court's concern was not consistent with the "twin aims" of probation, as articulated in *Beech–Nut. Friedberg,* 78 F.3d at 96–97. The Second Circuit directed the District Court, on remand, to reconsider the defendant's request and to "determine, on the basis of appropriate findings, whether the denial of [his] travel request would be reasonably related to his rehabilitation and the protection of the public." *Id.* at 97; *see also United States v. Tolla,* 781 F.2d 29, 34 (2d Cir.1986) ("[A] condition of [probation] is related to the goals of probation if it is designed, in light of the crime committed, to promote the probationer's rehabilitation and to insure the protection of the public [;] ... [a] condition is reasonable if it is not unnecessarily harsh or excessive in achieving these goals.") (citations omitted).

On remand in *Friedberg,* the District Court again denied the travel request, this time without providing any reasons for its decision. On a second appeal, the Second Circuit again reversed, and found that the District Court had abused its discretion in failing to explain why "both the defendant's rehabilitation and the public interest would be served by preventing [him] from traveling abroad." *Porotsky,* 105 F.3d at 72. The Second Circuit remanded the case to the

District Court with instructions to grant the request. *Id.*

 Applying these criteria leads the Court to conclude that the defendant's rehabilitation and the public interest would be served by preventing him from traveling to Florida.

Senior United States Probation Officer Madeline Hart, an officer of the Court, states in her Memorandum that Scheer made false and misleading statements to her regarding the purpose, urgency and requisite length of the trip. For example, Scheer originally told Officer Hart that he wanted permission to travel with his wife to the Southern District of Florida for a thirty-day period in order to save his precarious marriage. However, Scheer's wife revealed to Officer Hart that their marriage is strong, and that she was only going to be in Florida for ten days, not thirty. In fact, Scheer's wife told Officer Hart that she and her husband planned to spend most of the month of January apart.

Nevertheless, defense counsel states in his letter to the Court, dated December 22, 1998, that "any *conclusion* that Mr. Scheer had represented that he was going to be continuously together with his wife for 30 days was erroneous and a result of a *misrepresentation* of what was being said." (Emphasis added). However, counsel concedes that Martel LeRoux, Scheer's wife, did advise the Probation Officer that all was well in their marriage. Under these circumstances, a hearing on this matter is not required.

In view of the above, the Court finds that denial of Scheer's request is directly related to the rehabilitative goal of probation. Scheer's underlying offenses were grave, and the period of supervised release provides him with an opportunity to rehabilitate himself. The Court is especially concerned that the defendant is starting off his period of supervised release on the wrong foot, since the defendant was very recently released from custody on October 6, 1998. As with limitations on other lawful activities, travel restrictions may further the rehabilitative end of probation "by reinforcing [a probationer's] perception that misdeeds do result in constraints on freedom." *Beech–Nut,* 925 F.2d at 608; *see also Tolla,* 781 F.2d at 34.

In addition, the Court concludes that the travel restriction promotes the protection of the public. The public interest is protected by retention of control over a defendant who is responsible for the repayment of a large amount of money, as the defendant is here. *See United States v. Tortora,* 994 F.2d 79, 81–82 (2d Cir.1993). The Court's decision ensures that Scheer's resources are devoted to the financial obligations related to his conviction and not other pursuits such as travel, at least at the beginning of his supervised release. The Court also views Sheer's untruthful statements to Officer Hart as troubling, in a case where the defendant's original offense involved untruthful statements, namely, bank fraud and tax evasion.

For these reasons, the Court finds that denial of permission to travel will promote the "twin aims" of probation. Accordingly, the defendant's request to travel is denied in all respects.

**IT IS SO ORDERED.**