**UNITED STATES of America**

v.

**Hertz FRANKEL, Defendant.**

**No. 99 CR 130.**

United States District Court,
E.D. New York.

May 19, 1999.

Zachary W. Carter, United States Attorney, Brooklyn, NY, Margaret Giordano, Assistant United States Attorney, of counsel.

Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, D.C., for defendant, Nathan Lewin, of counsel.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

On April 9, 1999 defendant pled guilty to one count of conspiracy to defraud the United States Department of Education in violation of 18 U.S.C. §§ 371 and 3551. He was sentenced to three years probation.

The conspiracy to which defendant pled guilty involved redirecting millions of dollars of public school district money to a private Jewish girls' school and its affiliates. The scheme included placing Hasidic housewives in "no-show" jobs on the public school district payroll, with the housewives turning over their paychecks to the conspirators.

## I

In a letter dated April 12, 1999 defendant asked to be relieved of the standard condition of probation requiring him to seek permission of the court or the Probation Department before leaving the judicial district. By letter dated May 6, 1999 he requested expedited permission to travel to Poland on May 19, 1999 for two weeks. In a memorandum and order dated May 7, 1999 the court scheduled a hearing on the first matter and denied the second request.

Defendant appealed the denial of permission to travel to Poland to the Court of Appeals for the Second Circuit. By order dated May 18, 1999, the Second Circuit denied defendant's motion to travel to Poland and remanded it to this court for reconsideration and a statement of the reasons for its ruling.

## II

■ District courts have broad discretion to impose and apply conditions of probation. *See United States v. Tolla,* 781 F.2d 29, 32 (2d Cir.1986). Valid conditions must "promote the probationer's rehabilitation and ... insure the protection of the public," without being unnecessarily harsh or excessive. *Id.* at 34. A court may deny a defendant's request to travel if, based on appropriate findings, the denial is reasonably related to the defendant's rehabilitation and the protection of the public. *See United States v. Porotsky,* 105 F.3d 69 (2d Cir.1997).

## III

Upon reconsideration, the court denies defendant permission to travel to Poland on May 19, 1999.

*Reasons for denial*

■ In view of recent public statements made by defendant concerning his guilty plea, the court has serious doubts about whether defendant accepts responsibility for his criminal conduct.

In a public statement by defendant issued on April 15, 1999, defendant said, among other things: "I agreed to plead guilty in order to avoid embarrassing the community and incurring the expense and anxiety of a lengthy trial. . . . My attorneys and I continue to believe that I am the victim of a great injustice. . . ."

In a *New York Times* article, defendant was quoted as saying: "You're right to say, 'The end justifies the means.' " Jacques Steinberg, "After Guilty Plea, Rabbi Explains Actions in a Fund Diversion Scheme," *N.Y. Times,* April 17, 1999, at B5.

According to the article, "Asked how he could justify that dozens of women—some with 10 children—were able to enjoy health benefits for jobs they did not do, the rabbi said it was easy. Though those women kept their benefits, they gave up the paychecks to teachers at the school who had no benefits. 'So it balanced,' he said." *Id.*

The letter from the Probation Office informing defendant of his responsibilities while on probation, a copy of which is attached to this order, states that requests for travel outside the United States require court approval and must be submitted at least thirty to sixty days in advance. Defendant's request for permission to travel to Poland on May 19, 1999 was dated May 6, 1999, and was not in compliance with the Probation Office's requirement.

Because of defendant's prior criminal conduct and the seriousness of the charges against him, the court finds that special privileges such as expedited permission to travel are unwarranted at this time.

The court emphasizes that it is not restricting defendant's travel in general at this time. It is only refusing to depart from the reasonable requirement imposed by the Probation Office that defendant apply for permission to travel outside the United States at least thirty days in advance.

Defendant's argument that in denying expedited permission to travel the court is "punishing" him for exercising his right to speak to the press is without merit. The denial serves the twin goals of probation—rehabilitation and the protection of the public.

The goal of rehabilitation is served because if the court were to grant a special privilege solely on the basis that defendant's travel arrangements were not finalized in time to make a proper request, defendant might be under the impression that he is not bound by the requirements that other probationers must observe, that his offenses were not of a serious nature, and that the laws of the United States may be disregarded with little disruption to one's normal life. *See United States v. Scheer*, 30 F.Supp.2d 351 (E.D.N.Y.1998)

(travel restrictions may further the rehabilitative purpose of probation by reinforcing the perception that misdeeds do result in constraints on freedom).

The public interest is protected when the court enforces at least the minimum conditions of probation on a defendant who, apparently, believes that he has engaged in no wrongdoing. Remarks such as "the end justifies the means," and "I am the victim of a great injustice" show that defendant has no sense of his past wrongdoing and that he refuses to take responsibility for his actions.

The court will be taking defendant's recent public statements into account at the scheduled hearing on the matter of whether or not defendant should be ordered to comply with all standard conditions of probation, including the basic reporting requirements and those conditions requiring permission to leave the district.

## IV

Defendant's request to travel to Poland on May 19, 1999 is denied.

So ordered.

# UNITED STATES DISTRICT COURT
## PROBATION OFFICE

EASTERN DISTRICT OF NEW YORK
JAMES M. FOX
CHIEF U.S. PROBATION OFFICER

U.S. COURTHOUSE
2 UNIONDALE AVENUE
UNIONDALE, NY 11553-1256
516-495-7140

75 CLINTON STREET
BROOKLYN, NY 11201-4201
(718)254-7335
FAX(718)254-7339

HAUPPAUGE, NY
April 29, 1998

U.S. COURTHOUSE
300 RABRO DRIVE
HAUPPAUGE, NY 11788-4228
516-592-1108

111 LIVINGSTON STREET
BROOKLYN, NY 11201
(718)254-7436
FAX(718)254-7451

50 CLINTON STREET
SUITE 107
HEMPSTEAD, NY 639-0118
FAX(516)539-0135

Mr. Hertz Frankel
1720 53rd Street
Brooklyn, NY 11204

Dear Mr. Frankel:

As you are aware, on April 9, 1999 the Honorable Eugene H. Nickerson, U.S. District Judge, Eastern District of New York, sentenced you to 3 years unsupervised probation and restitution of $1,000,000.00. A $50 special assessment fee was also imposed. With regard to the special assessment fee, please make your check payable to the Clerk of the Court and forward said payment to Clerk of the Court, 225 Cadman Plaza East, Brooklyn, NY 11201. Also be sure to place your docket number on the payment and forward verification of same to the undersigned officer.

The purpose of this letter is to advise you of your responsibilities while on unsupervised probation. Although you are not required to report in person on a regular basis due to your unsupervised supervision, you must submit a Monthly Supervision Report on the first day of each month, describing your circumstances of the previous month. Verification of income should be stapled to the report or a monthly income/expense form completed and attached. Enclosed please find copies of these reports for your use. Your April report is due the first week of May. All correspondence should be forwarded to the Hauppauge address listed above. Any change in residence or employment must be reported to the undersigned within 48 hours. Additionally, if you are arrested or questioned by law enforcement authorities you are also required to contact the undersigned officer within 48 hours.

Requests for travel within the United States must be submitted at least fourteen days prior to departure. Travel requests outside the United States require Court approval and must be submitted at least thirty to sixty days in advance. It is noted that travel to Canada and the Bahamas will not be approved. Enclosed are copies of travel requests for your use.

**RE: FRANKEL, Hertz**                                              **PAGE 2**

Additionally for informational purposes our fax number is (516) 582-1125. In an emergency if you need to contact the undersigned officer on weekends or after hours, please leave a detailed message on the answering machine. If you have any questions, please feel free to contact me at 516-582-1121 or 1123.

Very truly yours,

JAMES M. FOX
Chief U.S. Probation Officer

JAMES M. STEIN
U.S. Probation Officer

**JMS:sid**
**Enclosures**