**UNITED STATES of America,**
**Appellee,**

v.

**Steven COTSALAS, a/k/a Steve Cannon, Nicholas Cotsalas, a/k/a Nick Thomas, Mark Mandel, a/k/a Bill Thomas, George Raimondi, a/k/a George Raymond, Thomas Delio, a/k/a Joe Clark, and Michael Silberstein, Defendants,**

Ronald Venza, a/k/a John Roberts, Tony Roberts, Jr., Defendant–Appellant.

No. 00–1762.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Robert C. Gottlieb, New York, NY, for appellant.

Robert P. Larusso, Assistant United States Attorney for the Eastern District of New York; Lorretta E. Lynch, United States Attorney, Cecil C. Scott, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present WINTER, STRAUB and POOLER, Circuit Judges.

SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HERE-

BY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED, except with respect to the daily reporting requirement and travel ban imposed as conditions of the Appellant's probation, for which judgment is VACATED and REMANDED to the District Court for clarification and further findings.

Defendant–Appellant Ronald Venza appeals from a sentence entered by the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge* ) after Venza pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. On October 27th, 2000, Venza was sentenced to five years' probation with six months' home confinement. As conditions of his probation Venza was prohibited from traveling outside the Eastern District of New York during the five-year period (without exception) and was required to report daily to the Probation Department. On appeal, Venza argues that the travel ban and daily reporting requirement were abuses of the District Court's discretion and that the District Court erred by refusing to allow Venza's counsel to fully and freely speak on his behalf at the time of sentencing.

Venza, along with six other defendants, was indicted for conspiracy and mail fraud violations arising from Venza's employment as a sales representative for Chemtrex International Corporation. The indictment alleged that Venza and his co-defendants defrauded customers through high pressure and fraudulent sales techniques, including payment of bribes to purchasing agents in order to sell products at grossly inflated prices. In exchange for the government agreeing to submit a motion to the District Court affirming Venza's cooperation in the investigation in the hope of securing leniency in sentencing, Venza agreed to plead guilty to one count of the indictment and to assist the government with its investigation.

On October 27, 2000, the District Court held a sentencing hearing. There, Venza's counsel argued in favor of probation rather than imprisonment and informed the court that since his guilty plea, Venza has led a law-abiding, family life. Moreover, because Venza was employed as a salesman for his wife's business, Venza's counsel argued against home confinement. Despite these arguments, the District Court stated that it found Venza to be "a totally irresponsible person" and imposed a sentence including six-months home confinement and a five-year probation period; in addition, as conditions of probation the court imposed a daily reporting requirement and a complete travel ban. Venza now argues that the imposition of the travel ban and daily reporting requirement were abuses of the District Court's discretion because by precluding him from lawful employment as a salesman in his wife's business, Venza's sentence fails to promote the aims of the Federal Probation Act—rehabilitating the defendant and protecting the public. *See* 18 U.S.C. § 3651.

Federal district courts are accorded broad discretion to fashion the conditions of a probation sentence. *See United States v. Tolla*, 781 F.2d 29, 32 (2d Cir.1986). Because we will intervene only when the conditions of probation amount to an abuse of the district court's authority, a defendant seeking to overturn a condition of probation faces a heavy burden. *See id.* One of the few limitations placed on a district court is that "conditions of probation be reasonably related to the simultaneous goals of rehabilitating the defendant and protecting the public." *Id.* at 32–33. A condition of probation is reasonably related to the these goals so long as it is not "unnecessarily harsh or excessive." *Id.* at 34. For example, in *Tolla*, we up-

held a probation sentence that prohibited a defendant who made false statements under oath from teaching religious education. In doing so, we stated that denying the defendant the satisfaction she derived from such activities "should serve as a potent but not unreasonable deterrent against the temptation to perjure herself in the future, thereby reinforcing her continued rehabilitation." *Id.* at 34. Similarly, in *United States v. Beech–Nut Nutrition Corp.*, 925 F.2d 604, 608 (2d Cir.1991) we upheld a sentence prohibiting a defendant from traveling to Europe because travel restrictions "reinforc[ce the defendant's] perception that misdeeds do result in constraints on freedom," thereby furthering the rehabilitative goal of probation.

■ In the instant case, however, the District Court failed to adequately state how the travel restrictions are "reasonably related to rehabilitating the defendant and protecting the public." *United States v. Friedberg*, 78 F.3d 94, 96–97 (2d Cir.1996). Without a more developed record that includes the District Court's reasons for imposing the travel ban in light of the goals of the Federal Probation Act, we are unable to determine if the District Court exceeded its allowable discretion. We thus remand to the District Court for further findings to determine if the travel ban is reasonably related to Venza's rehabilitation and the protection of the public. *See id.*

■ In addition, we also remand to clarify the daily reporting requirement. During the sentencing hearing, the District Court stated that:

I'm going to put you on probation for five years. You're going to do six months home confinement and you will report daily to your probation officer if you aren't home. If necessary you will wear a bracelet.

It is not clear from this statement whether the District Court intended the reporting requirement to be limited to the six-month home confinement period or to extend throughout the entire probation period. Therefore, we remand so that the District Court may clarify Venza's reporting obligations.[1]

Finally, Venza argues that his counsel was denied an opportunity to speak on his behalf during the sentencing hearing. During the hearing, while engaged in an exchange directly with the defendant, the District Court cut off an attempt by Venza's counsel to interject, directing him to "be quiet for a minute." Later, when defense counsel argued against the travel ban, the court again cut him off and then stated that "I'll tell you now, you're going to argue him into jail. . . ." Venza now argues the District Court's actions violated Federal Rule of Criminal Procedure 32(c)(3)(B) which requires the court to "afford defendant's counsel an opportunity to speak on behalf of the defendant." The isolated exchanges that Venza identifies, however, fail to capture the totality of the sentencing hearing. After reviewing the transcript, it is clear that the District Court afforded both Venza and his counsel ample opportunity to address the court.

For the foregoing reasons, the decision of the District Court is AFFIRMED, except with respect to the daily reporting

---

1. Venza requests that we remand to a different judge due to Judge Platt's "overt hostility" to him. Brief for Defendant Appellant at 17. However, remanding to a different judge is an extraordinary remedy that we will entertain "only in the rare instance in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt." *United States v. Bradley*, 812 F.2d 774, 782 n. 9 (2d Cir.1987) (citation omitted). Here, we see no reason to question Judge Platt's fairness and decline this request.

requirement and travel ban imposed as conditions of Venza's probation which are VACATED and REMANDED to the District Court for clarification and further findings.