**IN THE COURT OF APPEALS OF IOWA**

No. 14-1703
Filed August 19, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DWAYNE GRADY JEFFERSON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Des Moines County, John G. Linn,

Judge.

        Dwayne Jefferson Jr. challenges two conditions of his probation.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH**

**DIRECTIONS.**

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney

General, Amy Beavers, County Attorney, and Lisa K. Schaefer, Assistant County

Attorney, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

Dwayne Jefferson Jr. pled guilty to aggravated assault, in violation of Iowa Code sections 708.1(1) and 708.2(3) (2013).  He was on probation at the time of the offense.  Jefferson appeals from the sentence imposed.

Jefferson was charged with intimidation with a dangerous weapon following an incident in June 2014 when police officers received a call that three persons were shooting at a residence.  He pled guilty to a lesser-included offense of aggravated assault by aiding and abetting.  In exchange for his plea of guilty, the State agreed to forgo revocation of Jefferson's probation in a prior case of possession of contraband in a correctional facility.  The district court explained, "This defendant denies a substance abuse problem, but I think he does have a drinking problem.  At least he showed up once for a pretrial release appointment in the morning and tested positive for alcohol."

The district court sentenced Jefferson to a term not to exceed two years, suspended the sentence, and imposed probation with a set of conditions.  As conditions of probation, the district court ordered:

> The defendant shall obey all of the usual, customary, and reasonable rules of probation supervision as set by the Department of Correctional Services.
> The defendant shall pay court costs and the cost of court-appointed counsel, and I will set that amount at $100, which I conclude the defendant is reasonably able to pay.
> The defendant shall pay victim restitution, if there is any, assuming there's a Statement of Pecuniary Damages to Victims.
> The defendant shall not purchase, possess, use, or consume any alcoholic beverage or controlled substance.  The defendant shall submit to toxicology testing at the request of the Department of Correctional Services.  If the defendant is . . . found to be using illegal drugs or alcohol while being supervised, the defendant shall pay any and all costs.

The defendant shall avoid association with those individuals whom the probation officer deems to be detrimental to the defendant's rehabilitation.

*The defendant shall not enter nor be in any establishment holding a Class C or D liquor license without the permission of his supervising officer.*

*The defendant shall enter into, cooperate with, and successfully complete a program for the evaluation and treatment of persons with substance abuse problems as required by the Court or the Department of Correctional Services.*

The defendant shall obtain and maintain employment.

The defendant shall be committed to and shall reside at the Burlington Men's Residential Correctional Facility for a period of 365 days or until maximum benefit, whichever first occurs. Defendant shall obey all rules and regulations of the facility. Defendant shall remain in the Des Moines County Jail until bed space is available and shall then be transferred to the halfway house.

The defendant shall have no contact with the victim of this offense or the victim's family . . . .

And, finally, the defendant shall obtain his GED.

(Emphasis added.)

On appeal, Jefferson challenges the two highlighted conditions related to substance abuse treatment and his presence in "any establishment holding a class C or D liquor license without the permission of his supervising officer."

We review sentencing decisions for legal error. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). A sentencing court has "broad discretion" in probation matters with which we will only interfere upon a finding of abuse of that discretion. *Id.*

Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review.

> Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.

*State v. Formaro*, 638 N.W.2d 720, 724-25 (Iowa 2002) (citations omitted). In short, there is an abuse of discretion when "there is no support for the decision in the . . . evidence." *Rath v.* Sholty, 199 N.W.2d 333, 336 (Iowa 1972).

*Id.* at 445.

A district court may impose "any reasonable conditions that either promote rehabilitation of the defendant or protection of the community" when determining the conditions of probation. *Id.*; *see* Iowa Code § 907.6. "A condition of probation promotes the rehabilitation of the defendant or the protection of the community when it addresses some problem or need identified with the defendant, or some threat posed to the community by the defendant." *Valin*, 724 N.W.2d at 446. To be reasonable, the term must "relate to the defendant's circumstances in a reasonable manner." *Id.* "A condition of probation is not reasonable if it is found to be 'unnecessarily harsh or excessive in achieving these goals [of rehabilitating the defendant and protecting the public].'" *Id.* (citing *United States v. Friedberg*, 78 F.3d 94, 96 (2d Cir. 1996).

With these principles in mind, we find no abuse of discretion with the condition of probation that Jefferson "enter into, cooperate with, and successfully complete a program for the evaluation and treatment of persons with substance abuse problems as required by the Court or the Department of Correctional Services." The presentence investigation report indicates Jefferson had an April 2014 conviction for consumption/intoxication. The sentencing court noted Jefferson reported for a morning court hearing intoxicated. The district court could reasonably determine an evaluation and subsequent treatment, if

recommended, would "promote rehabilitation of the defendant or protection of the community." Iowa Code § 907.6; *see Valin*, 724 N.W.2d at 447 (recognizing a defendant's background and history are relevant to the determination of probation conditions).

Iowa Code section 123.30 sets out the definitions of the classes of liquor control licenses. Class "C" liquor licenses may come in two forms: licenses authorizing a commercial establishment to sell liquors, wine, and beer to patrons for consumption on site, and licenses allowing the holder to sell only wine and beer for drinking on premises and to sell beer for consumption off premises. *See* Iowa Code § 123.30(3)(c)(1), (2). Establishments having a class "D" license may include "a railway corporation," "an air common carrier," and "passenger-carrying boats or ships for hire with a capacity of twenty-five persons or more operating in inland or boundary waters." *Id.* § 123.30(d). The defendant points out that establishments having a class C liquor license "in Polk County include Adventureland Park Palace, Gateway Market, Hy-Vee Market Cafe, Bowlerama, La Pizza House, Grand View College, Palmer's Deli, Chipotle, Applebee's, Outback Steak House, Monterrey Mexican Restaurant, Iowa Machine Shed, PARC Event Center, Flix Brewhouse, Terrace Hills Golf Club, and the Greek Orthodox Church of St. George."

While "[p]robation is not meant to be painless," *State v. Ogle*, 430 N.W.2d 382, 383-84 (Iowa 1988), we conclude this condition is "unnecessarily harsh or excessive" in achieving the goals of rehabilitating the defendant and protecting the public. *Friedberg*, 78 F.3d at 96. We observe the defendant does *not* challenge the condition of probation that he "shall not purchase, possess, use, or

consume any alcoholic beverage or controlled substance." The additional restriction that he "shall not enter nor be in any establishment holding a Class C or D liquor license without the permission of his supervising officer" is excessive. The record does not reflect his condition at the pretrial appearance was related to any such establishments. We also are troubled by the imposition placed upon a probationer to determine what license a business may hold. We vacate the condition of probation that "[t]he defendant shall not enter nor be in any establishment holding a Class C or D liquor license without the permission of his supervising officer," but we otherwise affirm the sentence imposed. We remand for entry of a corrected sentencing order consistent with this ruling.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.**