[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13098
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cv-00501-CEM-KRS

BRENNEN CLANCY,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
NORTHAMPTON COUNTY CORRECTIONS ADULT PROBATION,
INTERSTATE COMMISSION FOR ADULT OFFENDERS,

Defendants-Appellees,

INTERSTATE COMPACT OFFICE FOR ADULT OFFENDERS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 22, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Brennen Clancy, proceeding *pro se*, appeals the dismissal of his third amended complaint for civil rights violations under 42 U.S.C. § 1983. He also appeals the District Court's denial of his motion for leave to file a fourth amended complaint. We affirm.

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir. 2011). A district court's dismissal for failure to state a claim is reviewed *de novo*, and we accept as true all well-pleaded factual allegations. *See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). Though *pro se* pleadings are construed more leniently than attorney-drafted pleadings, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), the same rules apply, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989), including the requirement that the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

2

Clancy contends that the Defendants-Appellees "switched [his] status from misdemeanor to felony" "during the transfer process" in "April of 2015." Presumably, his probationary supervision was transferred from Pennsylvania to Florida under the aegis of the Interstate Commission for Adult Offender Supervision ("ICAOS").  Documents that Clancy had attached to an earlier complaint[1] clarify his allegations: he was convicted of a misdemeanor offense in Pennsylvania—specifically, his third DUI—and now lives in Florida.  His "status"—i.e., what he is listed as being on probation for—is listed on multiple public-record websites as a felony.

All of this is a natural consequence of how supervision of parolees and probationers is normally transferred between states.  In Pennsylvania, a third DUI offense is a misdemeanor, but in Florida it is a felony.  *Compare* 75 Pa. Stat. §§ 3802(a), 3803(a)(2) *with* Fla. Stat. § 316.193(2)(b)(1).  Mr. Clancy was convicted of a third DUI and, on his request, his probationary supervision was transferred to Florida.  Under the terms of the relevant interstate compact, Florida 1) is permitted to impose conditions on transferee probationers that "would have been imposed on an offender sentenced in" Florida and 2) is required to "supervise offenders

---

[1] Clancy did not incorporate his earlier complaints or their attachments into his third amended complaint. "[A]s a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982).  We will consider these documents only to the extent they clarify, rather than add to, the meaning of the complaint we are reviewing.

3

consistent with the supervision of other similar offenders sentenced in" Florida. ICAOS Rule 4.103(a), 4.101, available at http://interstatecompact.org/step-by-step/chapters/4.[2]  Since third-DUI offenders in Florida are given probation terms and conditions consistent with their having been sentenced as felons, third-DUI transferees at least may (and possibly must) have the same conditions imposed on their probation, including what Clancy describes as felony status.

Nonetheless, Clancy's complaint asserts that the three defendants—ICAOS, the Florida Department of Corrections, and the Northampton County Corrections Adult Probation Department—violated 42 U.S.C. § 1983 when they "switched [his] status from misdemeanor to felony."  In his complaint, Clancy locates the predicate federal rights for a § 1983 violation in the Privacy Act of 1974, the Civil Rights Act of 1964, and three statutes—18 U.S.C. §§ 3559, 3601, and 3603—governing criminal sentencing and probation.  And on appeal, he seems to argue that the Fourteenth Amendment provides the predicate federal rights.

None of these statutes support a plausible claim for relief.  Section 1983 provides a right of action for a violation of a federal statute only when the statute unambiguously grants an individual right.  *Gonzaga Univ. v. Doe*, 536 U.S. 273,

---

[2] The status-switching Clancy complains of might even be required by the Constitution.  The Third Circuit has found a violation of the Equal Protection Clause when a state treated probationers convicted of the same category of offense differently based on whether their convictions were in-state or out-of-state.  *Doe v. Penn. Bd. of Prob. & Parole*, 513 F.3d 95, 108 (3d Cir. 2008).  Since we find for other reasons that the complaint does not state a claim, we need not decide this constitutional question.

282, 122 S. Ct. 2268, 2274 (2002) ("[A] plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." (citation omitted)).  All possibly relevant portions of the Privacy Act of 1974 impose requirements only on federal agencies, *see Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124–25 (2d Cir. 2008), so non-federal agencies are not required to comply with them, and none of the defendants are federal agencies: the two state agencies for obvious reasons, and ICAOS because it is an agency of the compacting states.  *See* Fla. Stat. § 949.07, Art. III(1).  The Civil Rights Act of 1964 is inapplicable, since Clancy has not alleged discrimination based on his race, color, religion, sex, or national origin.  *See* 42 U.S.C. §§ 2000a, 2000e.  Nor are the federal sentencing and probation requirements in Title 18 relevant: these statutes, along with the rest of Title 18 part II, govern criminal procedure in the federal court system for federal crimes, not Clancy's state offenses.  *See* 18 U.S.C. § 3601 (identifying applicable provisions of the federal criminal code); 11 Melley et al., Cyclopedia of Federal Procedure § 39:23 (3d ed.).  So none of these provisions provide Clancy with a federal right he can assert against the defendants.

Nor does Clancy's complaint state (as he argues on appeal) a Fourteenth Amendment claim.  The facts in Clancy's complaint do not plausibly suggest that he was deprived of "the privileges or immunities of citizens of the United States,"

5

"life, liberty, or property, without due process of law," or "the equal protection of the laws." U.S. Const. amend. XIV.

Though the Privileges or Immunities Clause protects a constitutional right to travel, *see Saenz v. Roe*, 526 U.S. 489, 503, 119 S. Ct. 1518, 1526 (1999), this right can be lawfully abridged by the conditions of a criminal sentence, including probation. *See* 18 U.S.C. § 3563(b)(14); *United States v. Friedberg*, 78 F.3d 94, 97 (2d Cir. 1996). Moreover, Clancy's complaint is devoid of allegations showing that the status-switching is an unreasonable burden on his right to travel under the circumstances. So Clancy has not stated a claim under this Clause.

The Due Process Clause protects fundamental rights, *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S. Ct. 2258, 2268 (1997), and guarantees appropriate legal process calibrated to the character of any deprivation of life, liberty, or property. *See Mathews v. Eldridge*, 424 U.S. 319, 332–33, 96 S. Ct. 893, 901 (1976). Clancy has not stated a Due Process claim because he has not pleaded facts showing he was deprived of a fundamental right or given insufficient process. We are not aware of any authority suggesting that there exists a fundamental right for a probationer not to have his "status" labeled "probation felony" in public records when his offense of conviction was a misdemeanor. Nor has Clancy told us how much process he received, such that we could assess the sufficiency of the defendant's procedures for imposing this status.

The Equal Protection Clause requires equal treatment for similarly situated persons.  *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394 (1982).  Clancy has not alleged he was treated differently from any similarly situated person, let alone pleaded facts to support this allegation.

Far from "showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Clancy's complaint is too threadbare to allow his case to proceed. Moreover, as Clancy has already been given ample opportunity to amend his complaint and has not addressed the deficiencies identified by the District Court, the District Court did not abuse its discretion in denying leave to file a fourth amended complaint.  *In re Engle Cases*, 767 F.3d 1082, 1108–09 (11th Cir. 2014).

We thus affirm the dismissal of Mr. Clancy's complaint and the denial of his motion to amend.

**AFFIRMED.**